**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DURRELL ANTHONY PUCKETT,

Plaintiff,

v.

ROJAS, et al.,

Defendants.

No. 2:26-CV-3129-ICD-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1) now Fed. R. Civ. P. 8(d)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

To survive a screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Because Plaintiff is proceeding pro se, however, the Court construes the complaint liberally and affords Plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the complaint on September 8, 2026, asserting claims against Defendants C. Rojas (Warden), Jeff Lynch (Secretary), Jeff Macomber (Secretary), Ralph Diaz (Secretary), A. Lozano (Director), David Baughman (Director), and Sandra Alfaro[1] (Director). ECF No. 1 at 1-3. Plaintiff elsewhere describes Defendant Lynch as the "lead Warden." Id. at 6. Plaintiff alleges that the Defendants retaliated against him, harassed him, subjected him to an atypical hardship, and violated his rights to due process and equal protection by (1) keeping him in a bite mask for more than four years; (2) singling him out as a sex offender and a snitch; and (3) denying him access to mental health groups and one-on-one therapy. ECF No. 1 at 4-8. Plaintiff seeks damages. Id. at 8.

Plaintiff's first claim concerns the bite mask he was required to wear for more than four years. ECF No. 1 at 4-6. He states that following an incident in court that resulted in serious bodily injury, Defendant Sandra Alfaro implemented a restriction forcing him to wear a bite mask in August 2018. Id. Plaintiff wore the bite mask until January 2023, based on what he contends were false claims that he throws water on officers or headbutts them, and he alleges that Defendant Alfaro informed him by telephone that he could be taken off the bite mask if he agreed to stop filing lawsuits. Id. He further alleges that Defendants C. Rojas and David Baughman made the same offer at classification reviews, acting under Defendant Alfaro's orders, telling him that they would recommend he be taken off the bite mask if he did not file any more grievances or lawsuits. Id. He then alleges that Defendant Ralph Diaz told him, during a visit to California State

[1] The Court takes judicial notice that Defendant Alfaro has died since the events described in the complaint.

Prison, Sacramento, in or about December 2019, that he would remove the mask if Plaintiff stopped advocating for others and filing lawsuits and grievances, and that Defendant Diaz then kept him in the mask for two more years "out of spite because I am a litigator and complaint filer." Id.

Plaintiff alleges that the maximum confinement time on a CDCR disciplinary precaution/restriction is 180 days if the inmate does not commit the act that put the inmate on that precaution and that his restriction went from 2018 to January 30, 2023, with no biting in that period. Id. He disputes the claim that he throws water at officers and headbutts them. Id. He contends that those behaviors are already addressed by other restrictions. Id. at 5. Plaintiff further alleges that Defendant Lynch, together with Defendant Diaz, told him that he would not be released from any restriction until he went three years without a violation and stopped "602ing staff" and writing writs and lawsuits, id. at 7, and that Defendant Lozano twice refused to lift the restriction, telling Plaintiff that he did not care about policy and would not remove the mask unless Plaintiff remained free of rules violations for three years, id. at 6.

Plaintiff next alleges that the bite mask singled him out as a sex offender and left him in constant fear for his life. ECF No. 1 at 5-6. He states that officers endangered him by saying "the person with Hannibal Mask is a snitch and Child Molester." Id. This resulted in emotional pain, paranoia, and suicidal ideation. Id. He alleges that the mask led to him being taunted, threatened, kicked, and gassed with urine and feces. Id. He alleges that because the mask was unique to him, and no other CDCR is required to wear one, he was easily identified. Id.

For his final claim, Plaintiff alleges that an official whose name is redacted from the complaint placed additional restrictions on him in 2019 that denied him access to mental health groups, one-on-one therapy, yard time, showers, and health care, and told Plaintiff that he would never be taken off the bite mask because he is a "litigator" and a "rat" on staff. ECF No. 1 at 7. He writes that the lack of these services resulted in depression and suicidal thoughts. Id. He states that he has written to Governor Newsom 12 times, but a secretary or designee responded by telling him to file a 602, which he contends is lost in a bureaucratic runaround. Id. Plaintiff states that he is "suing Newsom on behalf of the State of California" for failing to properly supervise

and for negligence, but he does not name Governor Newsom as a Defendant. Id.

## II. DISCUSSION

The Court first considers whether Plaintiff has linked each named Defendant to the alleged deprivations. The Court then addresses each of Plaintiff's theories (retaliation, harassment, due process (including his allegation of atypical hardship), and equal protection), followed by his remaining allegations and the timeliness of his claims. As explained below, the complaint states cognizable First Amendment retaliation claims against Defendants Rojas, Baughman, Diaz, and Lynch. The retaliation claim based on Defendant Alfaro's conduct cannot proceed against her as named, and the complaint does not state any other cognizable claim.

### A. Causal Connection

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Supervisors are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Because "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct," Iqbal, 556 U.S. at 677, a supervisor may be held liable only if he or she personally participated in the constitutional violation or if there is a sufficient causal connection between the supervisor's wrongful conduct and the violation. See Starr v. Baca, 652 F.3d 1202,1206-07 (9th Cir. 2011).

Here, Plaintiff alleges that Defendants Rojas and Baughman, acting "under Alfaro's orders," kept him in the bite mask in retaliation for his grievances and lawsuits. ECF No. 1, p. 4. Plaintiff similarly alleges that Defendant Alfaro imposed the restriction and offered to lift it if he stopped filing lawsuits, and that Defendant Diaz and Defendant Lynch told him the restriction would remain until he stopped filing grievances, writs, and lawsuits. Id. at 4, 7. Plaintiff also alleges that Defendants Lynch and Lozano could have removed the bite mask but chose not to. Id. at p. 6. Plaintiff states his belief that "[t]hey all took matters into their own hands because I file grievances, contact prison advocates, and file lawsuits." Id. Unlike the others, Plaintiff does not tie Defendant Macomber to any specific act. Defendant Macomber appears only in a list of officials whose "bite mask reprisal and hardships" Plaintiff alleges caused him harm. Id. Because Plaintiff does not allege what Defendant Macomber personally did, or that he knew of and failed to prevent any violation, the complaint states no claim against him. See Iqbal, 556 U.S. at 677; Taylor, 880 F.2d at 1045. The sufficiency of Plaintiff's allegations against the remaining Defendants is addressed below.

**B. Retaliation**

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Filing grievances and pursuing civil rights litigation are protected conduct. See id.; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). The plaintiff must show that his protected conduct was "the 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271 (quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)). He need not show that his speech was actually silenced; harm that is more than minimal "will almost always have a chilling effect." Rhodes, 408 F.3d at 568 n.11. The plaintiff also bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains. See Pratt v. Rowland, 65 F.3d 802, 806-07 (9th Cir. 1995).

Liberally construed, Plaintiff states cognizable retaliation claims against Defendants Rojas, Baughman, Diaz, and Lynch. Plaintiff alleges that he engaged in protected conduct by filing grievances, lawsuits, and petitions for writs of habeas corpus. ECF No. 1 at 4-7. He alleges that each of these Defendants was in a position to end the bite-mask restriction and conditioned its removal on his abandoning that conduct: Defendants Rojas and Baughman told him at classification reviews that they would recommend removing the mask only if he stopped filing grievances and lawsuits; Defendant Diaz told him that he would remove the mask if Plaintiff stopped advocating for others and filing lawsuits and grievances, and then kept it in place "out of spite"; and Defendant Lynch, together with Defendant Diaz, told him that he would not be released from any restriction until he stopped filing grievances, writs, and lawsuits. Id. at 4, 7. Taken as true, these statements tie the continuation of the restriction directly to Plaintiff's protected conduct. Being kept for years in a restrictive and stigmatizing bite mask is more than minimal harm. See Rhodes, 408 F.3d at 568 n.11. And Plaintiff alleges that the restriction served no legitimate purpose, because he had not bitten anyone since it was imposed and the conduct cited to justify it was already addressed by other restrictions. ECF No. 1 at 5. At the screening stage, these allegations are sufficient.

Plaintiff's allegations against Defendant Alfaro, who allegedly imposed the restriction and told Plaintiff by telephone that it would be lifted if he stopped filing lawsuits, would likewise support a retaliation claim. As noted above in footnote 1, however, Defendant Alfaro has died. A deceased person cannot be sued. See LN Mgmt. LLC Series 5664 v. JPMorgan Chase Bank, N.A., 957 F.3d 943, 951, 955-56 (9th Cir. 2020). Accordingly, the claim based on Defendant Alfaro's conduct cannot proceed against her as named.

Plaintiff does not, however, state a retaliation claim against Defendant Lozano. Plaintiff alleges that Defendant Lozano twice refused to lift the restriction and told Plaintiff that he would not remove it unless Plaintiff remained free of rules violations for three years. ECF No. 1, p. 6. Unlike the other Defendants, Defendant Lozano is not alleged to have mentioned Plaintiff's grievances or lawsuits, and the reason he gave is not retaliatory on its face. Plaintiff's general allegation that "[t]hey all took matters into their own hands because I file grievances," id., is the

kind of conclusory statement that does not suffice. See Iqbal, 556 U.S. at 678. If Plaintiff amends, he must allege facts showing that Defendant Lozano acted because of Plaintiff's protected conduct.

**C. Harassment**

Plaintiff alleges that the bite mask marked him as a sex offender and a "snitch," that officers told others that "the person with Hannibal Mask is a snitch and Child Molester," and that he was taunted, threatened, kicked, and gassed with urine and feces as a result. ECF No. 1 at 5-6. Verbal harassment generally does not violate the Eighth Amendment. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Prison officials must, however, "take reasonable measures to guarantee the safety of the inmates," and an official who knows of and disregards an excessive risk to an inmate's safety may be liable under the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 832-33, 837 (1994) (internal quotation marks omitted).

Plaintiff does not identify the officers who made these statements or who threatened, kicked, or gassed him, and he does not allege that any named Defendant made such statements or knew that Plaintiff faced a substantial risk of harm and failed to respond. Plaintiff's harassment claim therefore is not cognizable against any named Defendant. If Plaintiff amends, he must identify the individuals responsible and allege facts showing what each knew and did. To the extent Plaintiff contends that the stigma of the mask is part of the adverse action underlying his retaliation claim, the Court has considered it in that context. See Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

**D. Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). To state a procedural due process claim, a plaintiff must first establish a protected liberty interest. A prisoner has a state-created liberty interest in avoiding a restriction only if it "imposes atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life."[2] Sandin v. Conner, 515 U.S. 472, 484 (1995); see also Wilkinson v. Austin, 545 U.S. 209, 223 (2005). Relevant considerations include whether the condition mirrors those imposed on inmates in administrative segregation and protective custody, the duration of the condition and the degree of restraint imposed, and whether the state's action will invariably affect the duration of the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003). Where a liberty interest exists, the process due for a non-punitive placement is informal and nonadversarial: notice of the factual basis for the decision and a fair opportunity for rebuttal. See Wilkinson, 545 U.S. at 228-29.

Liberally construed, Plaintiff's allegations that he alone among CDCR inmates was required to wear a bite mask for more than four years (well beyond the 180-day limit he contends applies to other precautions) and that the mask marked him as a sex offender and exposed him to threats and assaults may describe an atypical and significant hardship. See id. at 223-24. Moreover, Plaintiff's allegations that he is further restricted from prison services like mental health groups and showers bolster this claim. But even assuming a protected liberty interest, Plaintiff does not allege facts showing that he was denied due process. To the contrary, he alleges that the restriction was reviewed, including at each warden classification review and at a review on May 29 of an unspecified year, and that Defendants told him why it was being continued. ECF No. 1, pp. 4-6. Plaintiff's real complaint is with the outcome of those reviews and the motive behind them, which is the subject of his retaliation claim. And to the extent Plaintiff alleges that Defendants violated a CDCR policy limiting precautions to 180 days, "there is no § 1983 liability for violating prison policy." Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff's due process claim is therefore not cognizable as pleaded. If Plaintiff amends, he must allege facts showing what process he was denied and which Defendant denied it.

[2] Plaintiff lists "atypical hardship" as a separate claim, but atypical hardship is not an independent cause of action; it is the test for whether a restriction implicates a liberty interest protected by the Due Process Clause. The Court therefore addresses it here.

**E. Equal Protection**

Plaintiff does not allege that he was treated differently because of his membership in a protected class. Liberally construed, he asserts a "class of one" claim, which requires a plaintiff to allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam).

Plaintiff alleges that no other CDCR inmate has been placed in a bite mask and that an average inmate who does not file lawsuits would not have been kept in the restriction as long. ECF No. 1, pp. 5-6. But Plaintiff does not identify other inmates who were similarly situated and who were treated more favorably. Plaintiff also acknowledges that the restriction followed an incident in court that resulted in serious bodily injury, which undercuts any inference that there was no rational basis for it. Id. at p. 4. And the difference in treatment Plaintiff alleges (that he was kept in the mask because he files grievances and lawsuits) is the theory of his retaliation claim. Plaintiff's equal protection claim is therefore not cognizable as pleaded.

**F. Other Allegations**

Plaintiff also states that he is "suing Newsom on behalf of the State of California" for failing to supervise and for negligence. ECF No. 1, p. 7. Governor Newsom is not named as a Defendant. Moreover, the State of California is not a "person" that may be sued under § 1983, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); negligence does not give rise to a constitutional violation, see Daniels v. Williams, 474 U.S. 327, 330-31 (1986); and a supervisor is not liable merely because of his position, see Iqbal, 556 U.S. at 677. Finally, Plaintiff's allegations that his letters and grievances were not properly addressed do not state a claim, because prisoners have no constitutional entitlement to a specific grievance procedure. See Ramirez, 334 F.3d at 860; Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

**III. CONCLUSION**

As discussed above, the complaint states cognizable First Amendment retaliation claims against Defendants Rojas, Baughman, Diaz, and Lynch. The retaliation claim based on Defendant Alfaro's conduct cannot proceed against her as named. The complaint does not state any other

cognizable claim, including any claim against Defendants Lozano and Macomber, any claim for harassment, due process, or equal protection, or any claim against Governor Newsom.

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See E.D. Cal. L.R. 220. An amended complaint must be complete in itself without reference to any prior pleading. See id. An amended complaint must bear the docket number assigned to this case and be labeled "First Amended Complaint."

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: October 5, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE